IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BLAIR DOUGLASS,

                Plaintiff,                              24cv0833

                                                    ELECTRONICALLY FILED
        v.                                  LEAD CASE

ARIAT INTERNATIONAL, INC.,

                Defendant.

_____

BLAIR DOUGLASS,

                Plaintiff,                              24cv0924

                                                    ELECTRONICALLY FILED
        v.                                  MEMBER CASE

WAYFAIR, LLC,

                Defendant.

## MEMORANDUM ORDER

       Presently before the Court in this declaratory judgment action is Defendant-Wayfair's Motion to Dismiss and brief in support of same filed in accordance with Fed.R.Civ.P. 12(b)(1). ECF 160, ECF 161. Wayfair claims that this Court lacks subject matter jurisdiction. Plaintiff's brief in opposition argues that this Court does have subject matter jurisdiction over this claim. ECF 174. For the reasons that follow, this Court will deny Wayfair's motion to dismiss.

## I. Factual Background

The facts are truncated because the Court writes primarily for the benefit of the parties to this action.

Plaintiff is a legally blind individual who uses a screen reader to have websites read to him.  According to his Complaint, Plaintiff's screen reader was unable to read Wayfair's website and so, Plaintiff brought the instant declaratory judgment lawsuit requesting that Wayfair implement the technology and corporate policies necessary to make its website accessible to blind individuals.

Defendant claims that its consent decree in *Seana Cromitie vs. Wayfair, Inc*. (ECF 161-1), a lawsuit filed against Defendant-Wayfair in the Southern District of New York, strips this Court of jurisdiction, thereby prohibiting the adjudication of this Plaintiff's claims against Defendant for violations of the ADA given Defendant's allegedly inaccessible website to blind individuals.

## II. Standard of Review

A Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) challenges this Court's "very power to hear the case."  *See Judkins v. HT Window Fashions Corp.*, 514 F. Supp. 2d 753, 759 (W.D. Pa. 2007) (Lancaster, J.) (quoting *Mortenson v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)).  As the party asserting jurisdiction, Plaintiff "bears the burden of showing that its claims are properly before the district court."  *Dev. Fin. Corp. v. Alpha Housing & Health Care*, 54 F.3d 156, 158 (3d Cir. 1995).  In reviewing a Motion to Dismiss pursuant to Rule 12(b)(1), this Court must distinguish between facial attacks and factual attacks.  *See Petruska v. Gannon Univ.*, 462 F.3d 294, 302 (3d Cir. 2006).

A facial attack challenges the sufficiency of the pleadings, and the Court must accept the Plaintiff's allegations as true. *Id.* A Defendant who attacks a complaint on its face "[asserts] that considering the allegations of the complaint as true, and drawing all reasonable inferences in favor of [plaintiff], the allegations of the complaint are insufficient to establish a federal cause of action." *Mullen v. Thompson*, 155 F. Supp. 2d 448, 451 (W.D. Pa. 2001). Dismissal is proper under Rule 12(b)(1) only when "the claim clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or. . . is wholly insubstantial and frivolous." *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991) (quoting *Bell v. Hood*, 327 U.S. 678, 682 (1946)).

When, as in this case, a Defendant launches a factual attack on subject matter jurisdiction, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Petruska*, 462 F.3d at 302 (quoting *Mortenson*, 549 F.2d at 891). In a factual attack, this Court must weigh the evidence relating to jurisdiction, with discretion to allow affidavits, documents, and even limited evidentiary hearings. *See United States ex rel. Atkinson v. Pa. Shipbuilding Co.*, 473 F.3d 506, 514 (3d Cir. 2007).

## III.   Analysis

Defendant's lack-of-jurisdiction argument centers on the additional information it has provided outside of the four corners of the Complaint.[1] Defendant relies heavily on *A.P. Boyd, Inc. v. Newark Pub. Sch.*, 44 Fed. App'x 569 (3d Cir. 2002), where the United States Court of Appeals for the Third Circuit ruled against a contractor and contractor association who brought a

---

[1] "In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Aubrey v. City of Bethlehem, Fire Dep't*, 466 F. App'x 88, 91 (3d Cir. 2012) *citing Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir.2010) (citation omitted).

§ 1983 action against a school district alleging that the school district's set-asides and policy of

race-based contracting violated equal protection and sought declaratory and injunctive relief.

The Appeals Court in determining that the action by the contractor and contractor association

was moot, held as follows:

> A case is moot when it has lost its character as a present, live controversy of the kind that must exist to avoid advisory opinions on abstract opinions of law. *Diffenderfer v. Cent. Baptist Church of Miami, Florida, Inc*., 404 U.S. 412, 414, 92 S.Ct. 574, 30 L.Ed.2d 567 (1972) (per curiam).
> The mootness doctrine is centrally concerned with the court's ability to grant effective relief. "If developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot."
>
> *County of Morris v. Nationalist Movement*, 273 F.3d 527, 533 (3d Cir.2001) (quoting *Blanciak v. Allegheny Ludlum Corp*., 77 F.3d 690, 698–699 (3d Cir.1996)). Appellants' lawsuit is moot because they sought only injunctive or declaratory relief by voiding the contracts. The work is substantially finished, a new study of minority participation is being conducted, and no MBE set-aside contracts will be awarded in the meantime.

44 Fed.App'x at 572 (3d Cir. 2002).

A key distinction between this case and the *A.P. Boyd* case is found in the phrase, "[i]f

developments occur during the course of adjudication that eliminate a plaintiff's personal

stake . . .". In the *A.P. Boyd* case, the phrases "course of adjudication" which would "eliminate a

plaintiff's personal stake" referenced the legal process within its <u>own</u> case. Conversely,

Defendant's argument in the instant case suggests that the "course of adjudication" in a

completely different case where the instant Plaintiff was not a party, "eliminates this Plaintiff's

personal stake" in the outcome of this matter. This is a gross interpretation of *A.P. Boyd* which

stretches that decision too far. Therefore, the Court finds that *A.P. Boyd* is inapplicable to this matter given the factual differences of the wo cases.

In addition, Plaintiff points to *Haynes v. Hooters of Am., LLC*, 893 F.3d 781 (11th Cir. 2018), a United States Court of Appeals decision from the Eleventh Circuit. Although this Court is not bound by the Court of Appeals for the Eleventh Circuit, the decision is nonetheless instructive, and guides this Court to deny Defendant's request in the immediate matter.

The Court of Appeals in *Haynes* identified its issue as follows: "[W]hether, when a plaintiff sues a defendant for certain relief, the defendant's agreement with a third party to take actions which grant the plaintiff some of the relief he seeks moots the plaintiff's suit." 893 F.3d at 784. This is the precise issue Defendant has presented to this Court in the instant matter. To decide this issue, the Court of Appeals in *Haynes* set forth the law which guided its decision:

> Article III of the Constitution limits the jurisdiction of the federal courts to the consideration of "Cases" and "Controversies." ... [A] case is moot when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome. As this Court has explained, put another way, a case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief.

*Id*.

The essential, undisputed facts in *Haynes*, are nearly identical to the facts present in this case. In *Haynes*, the plaintiff was a blind, disabled person within the meaning of the ADA. *Id*., at 782. Haynes, like Plaintiff here, used a screen reader in order to read and navigate internet websites, and when Haynes attempted to use his device to read and navigate Hooters' website, he was unable to do so because the website was not compatible with screen reader software. *Id*., at 783. Hooters had also been a defendant in a different screen reader case, the "*Gomez* case" – located elsewhere -- and Hayes was not a party to *Gomez* case.  As part of the *Gomez* settlement, Hooters agreed to place an accessibility notice on its website within six months and agreed to

improve access on its website within twelve months to conform with the WCAG 2.0 web access standard, the recognized industry standard for website accessibility. Hooters argued that by entering into the remediation plan pursuant to the *Gomez* Settlement Agreement, Haynes' case was moot because the *Gomez* remediation plan provided Haynes with all the relief he sought and could obtain.  The district court agreed with Hooters finding it was unable to order any further meaningful relief to Haynes.

Disagreeing with the district Court the Court of Appeals for the Eleventh Circuit explained:

> First, the Court notes that while Hooters may be in the process of updating the accessibility of its website, there is nothing in the record demonstrating that Hooters has successfully done so. Accordingly, it cannot be said that the issues are no longer "live" or that the parties lack a legally cognizable interest in the outcome.
>
> Second, some of the relief requested by Haynes remains outstanding and could be granted by a court. Specifically, Haynes requested an injunction, one that he may enforce against Hooters if Hooters does not bring its website into compliance with the ADA. Relatedly, Haynes requested in his complaint that the district court direct Hooters to <u>continually update and maintain</u> its website to ensure that it remains fully accessible. Accordingly, even if Hooters' website becomes ADA compliant, Haynes seeks injunctive relief requiring Hooters to maintain the website in a compliant condition. a live controversy with respect to which the court can give meaningful relief.

*Id*.

Turning to the instant case, while the *Cromitie* Consent Decree resolved the matter in the Southern District of New York, the only person who can enforce any rights under that decree is the plaintiff in that case – not the instant Plaintiff. Applying the rationale from *Haynes* to this case, the *Cromitie* Consent Decree does not moot the dispute in the instant matter, because Defendant-Wayfair has failed to demonstrate that it has updated its website in such a way such that the issues presented here are no longer "live," or that Plaintiff here lacks a legally cognizable

interest in the outcome of this case. To the contrary, Plaintiff here alleges that when he attempted to use Wayfair's website he was unable to do.  This allegation – which the Court accepts as true for purposes of deciding this motion – suggests that despite the requirements placed upon Wayfair in the *Cromitie* Consent Decree, Wayfair's website remains unnavigable through website readers upon which blind individuals, such as Plaintiff, rely.

Additionally, Plaintiff's request for relief in this case seeks a more immediate response from Wayfair than what the *Cromitie* Consent Decree allows.  The relief requested in this case requires, *inter alia*, Wayfair to develop corporate strategies to ensure accessibility to its website among blind individuals. The relief requested also asks that annual reports be provided to Plaintiff in this case summarizing "the satisfaction of Wayfair's obligations." This relief is specific to Plaintiff, and there is no similar obligation set forth in the *Cromitie* Consent Decree.

Accordingly, given the similarities of the instant matter and the *Haynes* case, and given the well-reasoned analysis set forth in *Haynes*, this Court finds that it is not stripped of jurisdiction in this matter based on a consent decree from a different case in a different United States District Court where Plaintiff was not a party and the relief sought herein differs.

## ORDER

AND NOW this 16th day of October, 2024 the Court hereby DENIES Defendant's motion to Dismiss Plaintiff's Complaint for lack of jurisdiction pursuant to 12(b)(1).  Defendant is ORDERED to file an answer to Plaintiff's Complaint on or before October 31, 2025.

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: All ECF Counsel of Record